HOLLAND & KNIGHT LLP
Wendy Qiu, SBN 324291
Courtney L. Batliner, SBN 678474 *(pro hac pending)*
Joshua C. Krumholz, SBN 552573 *(pro hac pending)*
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone: 213.896.2400
Facsimile: 213.896.2450

E-mail: wendy.qiu@hklaw.com
courtney.batliner@hklaw.com
joshua.krumholz@hklaw.com

Attorneys for Defendants
Hasbro, Inc. and Hasbro International, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| HERSCH & COMPANY, a California partnership,<br><br>Plaintiff,<br><br>vs.<br><br>HASBRO, INC., a Rhode Island corporation, as successor interest to Milton Bradley Company; HASBRO INTERNATIONAL, INC., a Massachusetts corporation; and DOES 1-15, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANTS HASBRO, INC. AND HASBRO INTERNATIONAL, INC.'S NOTICE OF REMOVAL**<br><br>[State Complaint Case No. 25STCV07258]<br><br>[28 U.S. §§ 1332, 1441 and 1446] |

///
///
///
///
///
///

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, AND TO PLAINTIFF HERSCH & COMPANY AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S. §§ 1332, 1441 and 1446, Defendants Hasbro, Inc. and Hasbro International, Inc. ("Hasbro International") (collectively, "Defendants") hereby remove the state court civil action styled *Hersch & Company v. Hasbro, Inc, et al.*, Case No. 25STCV07258 (hereinafter the "State Court Action"), from the Superior Court for the State of California, in and for the County of Los Angeles, to the United States District Court for the Central District of California. Defendants remove this action on the following grounds:

## PROCEDURAL BACKGROUND

1. On March 13, 2025, Plaintiff Hersch & Company ("Plaintiff") filed a Complaint for (1) Breach of Written Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (3) Accounting against Defendants in the State Court Action.

2. On March 19, 2025, Defendants received a service package that included the Summons, Complaint, and related case initiating documents.

## REMOVAL IS PROPER BECAUSE THE COURT HAS JURISDICTION OVER THE ACTION

3. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States."

### *The Amount in Controversy Exceeds $75,000.*

4. Removal is proper where the "district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. 28 U.S.C. § 1446(c)(2)(B). "Under [the preponderance of the evidence] burden, the

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This "burden is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiffs' claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

5. The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the defendant's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

6. Compensatory damages, attorneys' fees, punitive damages, and injunctive relief are all included in determining the amount in controversy. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977), *superseded on other grounds*; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). 28 U.S.C. § 1446(c)(2)(A)(i); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

7. Here, Plaintiff claims damages in excess of the $75,000 threshold under 28 U.S.C. § 1332(a).[1]

8. In the Complaint, Plaintiff prays for monetary damages, accounting, imposition of a constructive trust, interest, costs of suit, and attorneys' fees. *Compl.* at ¶¶ 32, 38, 43, and Prayer for Relief.

9. Plaintiff alleges that Defendants withheld royalties from *Taboo* net sales proceeds of at least $745,000. *Compl.* at ¶ 5, *see also Compl.* at ¶ 22-25.

///

---

[1] Defendants acknowledge only that the amount Plaintiff put in controversy in the complaint exceeds $75,000, but neither admit nor concede the truth of any of Plaintiff's allegations or that Plaintiff is entitled to relief in that amount or any amount whatsoever. Defendants expressly deny all of Plaintiff's allegations, contentions, causes of actions, claims, and damages, and reserve all defenses and rights. *See Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (to establish the jurisdictional amount, a removing defendant need not concede liability for that amount).

10. When a plaintiff demands attorney's fees, they are properly included in calculating the amount-in-controversy. *See Galt G/S*, 142 F.3d at 1156. Conservatively estimating Plaintiff's counsel's billing rate at $400/hour and that counsel will incur at least 100 hours in this case through trial, Plaintiff's claim for attorney's fees equals $40,000 at minimum

11. Given all the damages claimed by Plaintiff, it is "more likely than not" that the amount in controversy (far) exceeds the $75,000 jurisdictional minimum under 28 U.S.C. § 1332(a). *Sanchez*, 95 F.3d at 862. The matter in controversy requirement for removal is satisfied.

### *There Is Diversity of Citizenship.*

12. Complete diversity exists pursuant to 28 U.S.C. § 1332(a) and (c), and 28 U.S.C. § 1441(b).

13. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

14. As alleged in the Complaint, Plaintiff is a citizen of California. *Compl.* at ¶ 7.

15. Hasbro, Inc. is presently, and was at the time the Complaint was filed, a Rhode Island corporation, with its principal place of business in Rhode Island.

16. Hasbro International is presently, and was at the time the Complaint was filed, a Delaware corporation with its principal place of business in Rhode Island

17. Any potential "Doe" defendants are disregarded for the purposes of diversity. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

18. Because the defendants are citizens of Rhode Island and Delaware, and the Plaintiff is a citizen of California, complete diversity exists at this time, and at the time that this action was filed.

///

///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## ALL PROCEDURAL REQUIREMENTS ARE SATISFIED

19. Plaintiff served Defendants on March 19, 2025. Therefore, this Notice of Removal is timely in that it was filed within thirty (30) days of the service of the Complaint and less than a year after the commencement of the State Court Action. See 28 U.S.C. § 1446(b).

20. This Notice is filed in the proper division because the Court embraces the Superior Court of the State of California, in and for the County of Los Angeles, where Plaintiff's action is pending. See 28 U.S.C. §§ 1441 and 1446(a).

21. In compliance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendants is attached hereto as **Exhibit A.**

22. No previous request has been made for the relief requested herein. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the State Court Clerk.

## NON-WAIVER OF DEFENSES

23. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defenses or affirmative matters, including, without limitation, a motion to dismiss for dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

WHEREFORE, Defendants, by counsel, respectfully request that the above referenced action, originally filed in the Superior Court of the State of California for the County of Los Angeles, be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: April 18, 2025         HOLLAND & KNIGHT LLP

By: _/s/Wendy Qiu_
                                              Wendy Qiu

Attorneys for Defendants
Hasbro, Inc. and Hasbro International, Inc.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

#519263808_v1
DEFENDANTS' NOTICE OF REMOVAL          5          CASE NO. _____

# PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of 18 years and not a party to the above-captioned action; that my business address is 400 South Hope Street, 8th Floor, Los Angeles, CA 90071.

On **April 18, 2025**, the following document(s) were served: **DEFENDANTS HASBRO, INC. AND HASBRO INTERNATIONAL, INC.'S NOTICE OF REMOVAL** on the interested parties in this action addressed as follows:

| | |
|---|---|
| Douglas L. Johnson, Esq.<br>Joseph A. Escarez, Esq.<br>JOHNSON & JOHNSON LLP<br>439 North Canon Drive, Suite 200<br>Beverly Hills, CA 90210<br>Telephone: (310) 975-1080<br>Facsimile: (310) 975-1095 | Attorneys for Plaintiff,<br>Hersch & Company<br><br>E-mail: djohnson@jj11plaw.com<br>jescarez@jj11plaw.com |

☑ **BY MAIL**: I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the U. S. Postal Service. The within correspondence will be deposited with the U. S. Postal Service on the same day shown on this affidavit, in the ordinary course of business. I am the person who sealed and placed for collection and mailing the within correspondence on this date at Los Angeles, California, following ordinary business practices.

☑ **BY E-MAIL**: I e-mailed above-listed document(s) to the e-mail addressee(s) listed above. A true and correct copy of the e-mail transmittal will be attached to the above-listed document(s) and produced if requested by any interested party.

☑ **(STATE)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed **April 18, 2025**, at Los Angeles, California.

_____
Bobbette Mack

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

#519263808_v1

DEFENDANTS' NOTICE OF REMOVAL                    CASE NO. _____