# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/19/2025
CT Log Number 548675233

## Service of Process Transmittal Summary

TO:    Robert Turner, Litigation Attorney
Hasbro, Inc.
1027 Newport Ave
Pawtucket, RI 02861-2500

RE:    **Process Served in California**

FOR:    Hasbro, Inc.  (Domestic State: RI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | HERSCH & COMPANY, a California partnership vs. HASBRO, INC. |
| **CASE #:** | 25STCV07258 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/19/2025 at 13:14 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, Tarrant Sibley  Tarrant.Sibley@hasbro.com |
| | Email Notification, Robert Turner  Robert.Turner@Hasbro.com |
| | Email Notification, Caterina Rorick  caterina.rorick@hasbro.com |
| | Email Notification, Maranda McCormick  maranda.mccormick@hasbro.com |
| | Email Notification, Jessica McConnell  jessica.mcconnell@hasbro.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Mar 19, 2025
**Server Name:**                   Ara Kazarian

| Entity Served | HASBRO, INC. |
|---|---|
| Case Number | 25STCV07258 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Hasbro, Inc., a Rhode Island corporation, as successor in interest to Milton Bradley Company; Hasbro International, Inc., a Massachusetts corporation; and DOES 1-15, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Hersch & Company, a California partnership,

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/13/2025 4:39 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California County of Los

Angeles, 111 N. Hill Street, Los Angeles, CA. 90012

CASE NUMBER:
*(Número del Caso):*

25STCV07258

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas L. Johnson, Johnson & Johnson LLP, 439 N. Canon Dr., Suite 200, Beverly Hills, CA 90210, Phone: 310-975-1080

DATE: 03/13/2025
*(Fecha)*

David W. Slayton, Executive Officer/Clerk of Court

Clerk, by _____, Deputy
*(Secretario)*        E. Galicia        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Hasbro, Inc., a Rhode Island corporation, as successor in interest to Milton Bradley Company

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

1   Douglas L. Johnson (SBN 209216)
2   Joseph A. Escarez (SBN 266644)
    **JOHNSON & JOHNSON LLP**
3   439 North Canon Drive, Suite 200
    Beverly Hills, California 90210
4   Telephone:    (310) 975-1080
    Facsimile:    (310) 975-1095
5   Email:    djohnson@jjllplaw.com
              jescarez@jjllplaw.com
6

7   *Attorneys for Plaintiff*
    Hersch & Company
8

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/13/2025 4:39 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

9              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

10                       **COUNTY OF LOS ANGELES**

11
    HERSCH & COMPANY, a California          CASE NO.    25STCV07258
12  partnership,

13          Plaintiffs,                      **COMPLAINT FOR:**

14          vs.                              1. **BREACH OF WRITTEN CONTRACT**
                                             2. **BREACH OF THE IMPLIED**
15                                              **COVENANT OF GOOD FAITH AND**
    HASBRO, INC., a Rhode Island                **FAIR DEALING**
16  corporation, as successor interest to Milton   3. **ACCOUNTING**
    Bradley Company; HASBRO
17  INTERNATIONAL, INC., a Massachusetts    **DEMAND FOR JURY TRIAL**
    corporation; and DOES 1-15, inclusive,
18
19          Defendants.
20
21
22
23
24
25
26
27
28

                                    1
                               COMPLAINT

1   Plaintiff Hersch & Company ("Hersch"), by and through its counsel, believing and

2   alleging upon knowledge as to itself and its own acts, and as to all other matters upon information

3   and belief, brings this action against Defendants Hasbro, Inc., as successor in interest to Milton

4   Bradley Company, and Hasbro International, Inc. (collectively, "Hasbro"), and Does 1-15

5   ("Does") (collectively with "Hasbro", "Defendants"). As to facts specifically alleged herein on

6   information and belief, Hersch is informed and believes that those facts are likely to have

7   evidentiary support after a reasonable opportunity for further investigation or discovery, because,

8   among other reasons, the evidence to support those facts is exclusively in Defendants' possession.

9   **INTRODUCTION**

10   1.   *Taboo* is an adult board game known around the world. Created by Brian Hersch

11   in the late 1980s, the game challenges one player to have their team guess a word through oral

12   cues while being prohibited from using certain previously designated words to describe the word.

13   2.   In 1989, Hersch entered into a licensing agreement with Milton Bradley Company

14   ("Milton"), predecessor in interest to Hasbro, to make and sell *Taboo* throughout the United

15   States and Canada, in exchange for Milton paying Hersch a ten percent (10%) royalty on the net

16   sales of the game. A similar agreement was executed in 1991 for international sales of the game.

17   3.   Since its market debut in 1989, *Taboo* has been wildly popular. Indeed, for fiscal

18   years 2019 through 2021—over thirty years after the game's original release—Hasbro reported to

19   Hersch that *Taboo* grossed a yearly average of least $20,000,000 in sales worldwide.

20   4.   Unfortunately, a recent audit conducted by Hersch revealed that Hasbro has acted

21   to inappropriately depress these reported revenues and thereby withhold royalties owed to Hersch

22   from *Taboo* net sales proceeds in contravention of the parties' licensing agreements.

23   5.   In particular, the audit performed by Hersch revealed that:

24       a.   Hasbro took at least $100,000 in unallowed deductions;

25       b.   Hasbro took at least $400,000 in unallowed price discounts;

26       c.   Hasbro claimed over $100,000 in unsupported product returns; and

27       d.   Hasbro underreported units sold resulting in a royalty underpayment of over

28           $30,000.

1  In addition, Hasbro refused to provide Hersch's auditors with information demonstrating how

2  Hasbro sets prices for *Taboo*, which information is necessary to determine whether Hasbro took

3  additional deductions and discounts that it did not report to Hersch and which are not allowed by

4  the parties' licensing agreements. All told, the audit revealed that Hasbro owes Hersch at least

5  $745,000 for its failures to properly account to and pay Hersch royalties on *Taboo* net sales.

6       6.    Despite Hersch having shared the findings of the audit, Hasbro has refused to

7  provide Hersch with additional information necessary to complete its audit of Hasbro's books and

8  records for *Taboo* sales and to compensate Hersch fully and properly for royalties owed on *Taboo*

9  sales, thereby necessitating this action to vindicate Hersch's contractual rights.

10                                  **THE PARTIES**

11      7.    Plaintiff Hersch & Company is and at all relevant times, including when the

12  licensing agreements with Defendants were executed through the present, was a partnership

13  organized under California law and whose principal place of business is located in the County of

14  Los Angeles.

15      8.    Defendant Hasbro, Inc., on information and belief, is and at all relevant times was

16  a Rhode Island corporation whose principal place of business is located in Pawtucket, Rhode

17  Island. Hasbro, Inc. is the successor in interest to Milton Bradley Company.

18      9.    Defendant Hasbro, Inc. is registered to conduct business in California, maintains

19  offices and other property in the County of Los Angeles, and has extensive business operations in

20  the County of Los Angeles. Hasbro, Inc.'s Form 10-K for the fiscal year ended December 31,

21  2023 states: "[T]he Company leases warehouse space aggregating approximately 3,081,000

22  square feet in California, Illinois, Georgia and Massachusetts that are used primarily by the

23  Consumer Products segment. The Company leases approximately 80,000 square feet in Burbank,

24  California used by the Consumer Products and Entertainment segments."

25      10.   Defendant Hasbro International, Inc., on information and belief, is and at all

26  relevant times was a Massachusetts corporation whose principal place of business is located in

27  Pawtucket, Rhode Island, and is a wholly-owned subsidiary of Hasbro, Inc.

28      11.   Defendant Hasbro, Inc. exercises extensive operational control over Hasbro,

1    International, and both entities share the same corporate officers and executive management

2    teams. Defendants sell toys, games, and other products, including *Taboo*, in Los Angeles County.

3        12.    Defendants Does 1 through 15 are sued herein by fictitious names for the reason

4    that their true names are unknown to Hersch. Hersch will seek leave to amend this complaint to

5    allege the true names and capacities of these Defendants when the same have been ascertained.

6    Hersch is informed and believes and based thereon alleges that these fictitiously named

7    Defendants are responsible in some manner for the actions and damages alleged herein.

8        13.    Hersch is further informed and believes and based thereon alleges that, at all times

9    herein, Defendants alleged were agents, alter egos, successors in interest, employees, servants,

10   joint venturers, and/or co-conspirators of each other, and that in doing the things herein alleged

11   were acting in the course and scope of such agency, employment, joint venture and/or conspiracy.

12                              **JURISDICTION AND VENUE**

13       14.    The Court has personal jurisdiction over Defendants pursuant to Code of Civil

14   Procedure section 410.10 because Defendants do business in California and the agreements that

15   are the subject of this dispute were made, entered into, performed, and breached within

16   California. Defendant Hasbro, Inc. is registered to conduct business in California, maintains

17   offices and other properties in the County of Los Angeles, and has extensive business operations

18   in the County of Los Angeles. Defendant Hasbro, Inc. exercises extensive operational control

19   over its subsidiary Hasbro, International, and both entities share the same corporate officers and

20   executive management team. Defendants sell toys, games, and other products, including *Taboo*,

21   in California. The amount in controversy exceeds the jurisdictional minimum of this Court.

22       15.    Venue is proper in this County pursuant to Code of Civil Procedure sections

23   395(a) and 395.5 because the agreements that are the subject of this dispute were made, entered

24   into, performed, and/or breached in this County. Defendant Hasbro, Inc. is registered to conduct

25   business in California, maintains offices and other property in the County of Los Angeles, and has

26   extensive business operations in the County of Los Angeles. Defendant Hasbro, Inc. exercises

27   extensive operational control over its subsidiary Hasbro, International, and both entities share the

28   same corporate officers and executive management team. Defendants sell toys, games, and other

products, including the *Taboo* board game at issue in this action, in Los Angeles County.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. The Licensing Agreements.

16.    On January 1, 1989, Hersch entered into an Inventor Licensing Agreement with Milton whereby Milton (and any successors in interest, such as Hasbro) obtained the rights and license to make, use, and sell Hersch's adult board game known as "Taboo" within the United States and Canada (the "Domestic Agreement").

17.    Pursuant to the Domestic Agreement, Hersch is entitled to a ten percent (10%) royalty on the "Net Sales" of all domestic sales of *Taboo*. The Domestic Agreement defines "Net Sales" as "the invoice price to unrelated third party trade customers, less returns from third party customers, and less standard trade deductions for defect and freight allowances, volume rebates, cash and/or other similar trade discounts and allowances, such standard trade deductions not to exceed in the aggregate ten percent (10%) of the invoice price."

18.    On January 1, 1991, Hersch entered into an Inventor Licensing Agreement with Hasbro International, Inc. whereby Hasbro obtained the rights and license to make, use, and sell *Taboo* outside of the United States and Canada (the "International Agreement"). The International Agreement was subsequently amended on January 1, 2015.

19.    Pursuant to the International Agreement, Hersch is entitled to a ten percent (10%) royalty on the "Net Sales" of all international sales of *Taboo*. The International Agreement defines "Net Sales" as "the gross invoice price to unrelated third party trade customers, less returns from third party customers, and less seventeen percent (17%) of the gross to cover any and all trade discounts, rebates, and allowances."

20.    The Domestic and International Agreements provide Hersch the right to conduct a yearly audit of Hasbro's records for *Taboo* sales. Each agreement further provides that in the event any audit reveals that Hasbro under accounted to Hersch by ten percent (10%) or more, then Hasbro shall pay the amount of any such deficit plus interest and the reasonable costs of the audit.

### B. The Audit.

21.    In accordance with its audit rights, Hersch hired Wayne Coleman of The Royalty

Compliance Organization to audit Hasbro's books and records for *Taboo* domestic sales for the periods from April 1, 2020 through March 31, 2022, and *Taboo* international sales for periods from April 1, 2019 through March 31, 2022. A report summarizing the findings of the audit was issued on January 9, 2023 (the "Audit Report"), and was provided to Hasbro shortly thereafter.

22.    The Audit Report identified significant accounting improprieties by Hasbro. Most notably, the audit revealed that Hasbro has taken significant discounts from *Taboo* sales that are not allowed by the Domestic or International Agreements. Specifically, the audit shows Hasbro deducted at least: (1) $118,344 in promotional, merchandising, rebate, and like discounts from domestic sales that are not allowed by the Domestic Agreement; (2) $305,593 in volume price discounts from domestic sales that are not allowed by the Domestic Agreement; and (3) $106,410 in volume price discounts from foreign sales that are not allowed by the International Agreement.

23.    Compounding these improprieties is Hasbro's refusal to provide Hersch and its auditors with information on how it determines and sets the "invoice price" for *Taboo* sales. Such information is critical as both the Domestic and International Agreements limit the discounts and deductions that Hasbro may apply in calculating "Net Sales" reportable to Hersch to 10% and 17%, respectively, of the "invoice price" for *Taboo* sales. In that regard, the "invoice price" that Hasbro must use to determine the royalties owed to Hersch is the market or "A-list" price that is set before Hasbro offers retailers any deductions, discounts, or other negotiated price adjustments. In other words, Hasbro cannot calculate "Net Sales" reportable to Hersch based on a purported "invoice price" that has already been reduced through negotiations with retailers, and then take additional discounts and deductions off that negotiated price. Given Hasbro's refusal to provide Hersch information on how the "invoice price" is determined, Hersch believes and on that basis alleges that Hasbro has concealed and misreported the true amount of deductions and discounts it applies in calculating "Net Sales" reportable to Hersch, and thereby has wrongfully withheld significant royalties owed to Hersch well in access of the numbers reported above.

24.    In addition, the Audit Report revealed that Hasbro underreported units sold and thereby mis-accounted $31,960 in royalties owed to Hersch. Hasbro also claimed deductions for $114,123 in product returns that were unsupported by any documentation or evidence.

25.   The amounts under accounted to Hersch exceed ten percent (10%) of all amounts owed for the audited reporting periods. As such, Hasbro additionally owes Hersch interest on the under reported amounts and for the reasonable costs of the domestic and foreign audits.

26.   As part of their efforts to resolve Hersch's claims, the parties entered into a tolling agreement by which Hersch's claims were tolled from November 1, 2023 forward.

## FIRST CAUSE OF ACTION

### BREACH OF WRITTEN CONTRACT

**(Against Hasbro and Does 1-15)**

27.   Hersch incorporates by reference and realleges each and every allegation in paragraphs 1 through 26 of this Complaint, inclusive, as though fully set forth herein.

28.   Hersch has performed all conditions, covenants, and promises required to be performed by it in accordance with the terms of its agreements with Defendants.

29.   All conditions required for Defendants' performance of the conditions, covenants, and promises required to be performed by them in accordance with the terms of the parties' agreements have occurred.

30.   As detailed above, Defendants have breached the agreements by, among other things, failing to pay monies owed to Hersch.

31.   Defendants further breached the agreements by failing to provide Hersch's auditors with documents and information necessary to allow the auditors to perform their audits of the Defendants' accounts as required by the parties' agreements.

32.   As a direct and proximate result of Defendants' breaches of the agreements, Hersch has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

**(Against Hasbro and Does 1-15)**

33.   Hersch incorporates by reference and realleges each and every allegation in paragraphs 1 through 26 of this Complaint, inclusive, as though fully set forth herein.

34.     Every contract subject to the laws of Rhode Island contains an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other to receive the benefits of the agreement. The implied covenant finds particular application in situations where one party is invested with discretionary power affecting the rights of another.

35.     In making and distributing *Taboo*, Defendants had discretionary power to incur, categorize, valuate, and structure its production and exploitation strategy, including by setting the "invoice price" for *Taboo* sales and valuing discounts and rebates to offer to retailers.

36.     The implied covenant of good faith and fair dealing imposed a duty on Defendants to fairly and accurately exercise the foregoing discretion under the parties' agreements.

37.     Defendants breached the implied covenant of good faith and fair dealing by unfairly interfering with Hersch's right to receive the benefits of their respective agreements by, among other things:

    a.  Failing to report and account to Herch based on an "invoice price" for *Taboo* that reflected its market A-list price;

    b.  Calculating "Net Sales" reportable to Hersch based upon an "invoice price" that did not reflect *Taboo's* market A-list price but instead included negotiated price adjustments, discounts, or deductions that were not disclosed to Hersch;

    c.  Calculating "Net Sales" reportable to Hersch based upon discounts and deductions to the "invoice price" that were not disclosed to Hersch and exceeded the 10% cap;

    d.  Concealing the true amount of discounts and deductions applied by Defendants in calculating "Net Sales" reportable to Hersch;

    e.  Paying royalties based on heavily reduced "closeout" sales prices that fell below reasonable market expectations or conditions; and

    f.  Failing to substantially cooperate with Hersch for purposes of conducting an audit, including withholding critical documentation and information.

38.     As a direct and proximate result of Defendants' breaches of the implied covenant of good faith and fair dealing, Hersch has suffered monetary damages in an amount to be proven at trial.

1

## **THIRD CAUSE OF ACTION**

2

### **ACCOUNTING**

3

### **(Against Hasbro and Does 1-15)**

4      39.    Hersch incorporates by reference and realleges each and every allegation in

5   paragraphs 1 through 26 of this Complaint, inclusive, as though fully set forth herein.

6      40.    A relationship exists between Hersch, on the one hand, and Defendants, on the

7   other hand, for which an accounting of Defendants' books and records is appropriate.

8      41.    Hersch is informed and believes and thereon alleges that Defendants have derived

9   and received significant income, profit, and other benefits from the aforementioned improper

10  accounting practices. Hersch is entitled to a full and accurate accounting of the books and records

11  respecting *Taboo* and its components.

12      42.    The amount of money due to Hersch is unknown and cannot be reasonably

13  ascertained without a full and complete accounting of Defendants' books and records. Defendants

14  have failed and refused to supply the information and documents necessary to complete those

15  audits. Due to Hersch's exclusion from exercising any control or management over the

16  distribution, licensing, and other exploitation of *Taboo,* and the collection, reporting, and

17  accounting of revenues generated from such exploitation, and the complex nature of the accounts

18  of such exploitation, it is impractical to ascertain a fixed sum currently owed to Hersch.

19  Accordingly, the full amount due and owing to Hersch can only be determined through a full and

20  accurate accounting of all proceeds and expenses generated in connection with the distribution,

21  licensing, and other exploitation of *Taboo* that Hersch seeks herein.

22      43.    Hersch further prays for the Court to impose a constructive trust on all monies

23  wrongfully withheld by Defendants in accordance with common law and Civil Code §§ 2223-24

24  for the benefit of Hersch and its interests.

25

### **PRAYER FOR RELIEF**

26  Wherefore, Hersch prays for judgment against Defendants, and each of them, as follows:

27      1.    For monetary damages in an amount to be proven at trial;

28      2.    For an accounting under Court supervision of the profits of *Taboo* and the amounts

1       due and payable to Hersch in accordance with the agreements alleged herein;

2       3.      For the Court to impose a constructive trust on the monies wrongfully withheld;

3       4.      For contractual interest and pre-judgment interest pursuant to Civil Code sections

4               3287-88;

5       5.      For costs of suit;

6       6.      For attorneys' fees; and

7       7.      For such other, further, and different relief as the Court deems proper under the

8               circumstances.

9       Dated: March 13, 2025                        **JOHNSON & JOHNSON LLP**

10                                           By     */s/ Douglas L. Johnson*

11                                                  Douglas L. Johnson
                                                    Joseph A. Escarez
12                                                  *Attorneys for Plaintiff*
                                                    Hersch & Company
13

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: March 13, 2025

**JOHNSON & JOHNSON LLP**

By   */s/ Douglas L. Johnson*

Douglas L. Johnson
Joseph A. Escarez
*Attorneys for Plaintiff*
Hersch & Company

11

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Douglas L. Johnson (SBN 209216) / Joseph A. Escarez (SBN 266644)<br>JOHNSON & JOHNSON LLP, 439 N. Canon Drive, Suite 200, Beverly Hills CA 90210 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 310-975-1080            FAX NO.: 310-975-1095<br>EMAIL ADDRESS: djohnson@jjlplaw.com / jescarez@jjlplaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Hersch & Company | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>3/13/2025 4:39 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By E. Galicia, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Hersch & Company v. Hasbro, Inc, et al

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25STCV07258 |
| | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [x] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve        e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is  [x] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: March 13, 2025
Douglas L. Johnson

_____        ▶        _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std  3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. January 1, 2024]    **CIVIL CASE COVER SHEET**    **Page 2 of 2**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Hersch & Company v. Hasbro, Inc, et al | 25STCV07258 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Hersch & Company v. Hasbro, Inc, et al | |

| A Civil Case Cover Sheet Case Type | | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☑ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Hersch & Company v. Hasbro, Inc, et al | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Hersch & Company v. Hasbro, Inc, et al | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE Hersch & Company v. Hasbro, Inc, et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 1900 Avenue of the Stars, Ste 2440 |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90067 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _03/13/2025_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/13/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ E. Galicia _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25STCV07258 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Theresa M. Traber | 47 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 03/14/2025 _____    By E. Galicia _____, Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>**Stanley Mosk Courthouse**<br>**111 North Hill Street, Los Angeles, CA 90012** | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/18/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ M. Soto _____ Deputy |
| PLAINTIFF:<br>**Hersch & Company** | |
| DEFENDANT:<br>**Hasbro, Inc., et al.** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**25STCV07258** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

> Date: **07/11/2025**    Time: **8:30 AM**    Dept.: **47**

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:  **03/18/2025**  _____

_____
Judicial Officer

Theresa M. Traber / Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in **Los Angeles** _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Douglas L. Johnson
439 North Canon Drive
Suite 200
Beverly Hills, CA 90210

David W. Slayton, Executive Officer / Clerk of Court

Dated:  **03/18/2025**  _____

By  **M. Soto**  _____
Deputy Clerk

**NOTICE OF<br>CASE MANAGEMENT CONFERENCE**

 **Superior Court of California, County of Los Angeles**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*